UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON W.,[1] <br><br> Plaintiff <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security,[2] <br><br> Defendant. | Case No. 2:19-cv-06753-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Jon W. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10 and 11] and briefs addressing disputed issues in the case [Dkt. 18 ("Pl. Br.") and Dkt. 21 ("Def. Br.")]. The matter is now ready for decision. For the reasons discussed below, the Court finds that this

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2] Andrew M. Saul, now Commissioner of the Social Security Administration, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

matter should be remanded for further proceedings.

## II.     ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed for DIB on September 2, 2015, alleging a period of disability beginning August 30, 2015, due to visual impairment, back and knee pain. [Administrative Record ("AR") 182-188.]  After Plaintiff's original application was denied, Plaintiff appeared and testified at a hearing before Administrative Law Judge Laura Fernandez.  [AR 29-70.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled.  *See* 20 C.F.R. §§ 416.920(b)-(g)(1).  [AR 15-23.]   At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 30, 2015, the alleged onset date.  [AR 18.]  At step two, the ALJ found that Plaintiff suffered from severe impairments including "cataracts bilaterally and keratoconus."  [AR 18.]  The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [AR 18.]

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels except:

> He is limited to no more than occasional near visual acuity and no more than occasional far visual acuity.  He should not work at unprotected heights, with or around dangerous machinery, or near large bodies of open water.  He should not climb ladders, ropes, or scaffolds, and should not drive at night, in rain or on cloudy days.  [AR 19.]

Applying this RFC, the ALJ found that Plaintiff could not return to his past relevant work as a Network Administrator/ IT specialist, but determined that based on his age (56 years old), high school education, and ability to communicate in English, he could perform representative occupations such as grocery bagger, conveyor feeder, car washer, or irrigator and, thus, is not disabled.  [AR 22.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

### IV. DISCUSSION

**1. The ALJ Erred in Discounting Plaintiff's Credibility**

In his first issue, Plaintiff contends the ALJ failed to properly consider his credibility. Specifically, Plaintiff argues that the ALJ did not provide a legally sufficient reason to reject his testimony and rather performed no credibility analysis at all. (Pl. Br. at 5-7.). The Commissioner responds that while the ALJ primarily discounted Plaintiff's subjective complaints as inconsistent with the objective evidence, the ALJ also considered Plaintiff's "relatively normal daily activities" and

3

"conservative course of treatment" as credibility considerations.  (Def.'s Br. at 6-7).  The Court disagrees with the Commissioner.

### A.  Legal Standard

The Commissioner must make specific credibility findings, supported by the record.  SSR 96-7p.  To determine whether testimony concerning symptoms is credible, the Commissioner engages in a two-step analysis.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, the Commissioner must determine whether a claimant produced objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged."  *Id.* at 1036 (*quoting Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  Second, if there is no evidence of malingering, an "ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."  *Smolen v. Chater*, 80 F.3d 1273,1281 (9th Cir. 1996); *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  General assertions that the claimant's testimony is not credible are insufficient.  *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  "The ALJ may consider many factors in weighing a claimant's credibility, including (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition."  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

### B.  Analysis

Having carefully reviewed the record, the Court finds that the ALJ's vague references to Plaintiff's activity level and sparse treatment failed to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.  The

ALJ summarized Plaintiff's subjective symptom testimony as follows:

> The claimant testified about his past work involving reading of computer screens and other reading material with small script font. He had difficulties that his employer was not able to accommodate. He had keratoconus, cataracts, distorted corneas, retinas with black spots. He stopped reading books years ago. About once a week, his vision renders him useless. When he is driving, he can read the street name signs on his side of the street, but reading the signs on the other side of the street is problematic. He limits driving on new routes to sunny days only.
>
> He also has pain in his lumbar and cervical areas. *His primary care doctor says he is not a candidate for surgery. He uses over-the-counter pain medication.* The Veterans' Administration rated his disability at 70%; but gives him 100% because he is unemployable. He lives with his 90-year old mother. He drives her to the store, but does not go in with her. She shops three to five times a week. He does not drive if it is raining.
>
> […]
>
> For exercise, he walks and swims, he no longer lifts weights. He plays the guitar two or three times a week. The claimant stayed over somewhere the weekend before the hearing, when he drove to La Mirada, about two and a half hours, to visit his girlfriend. That is the most he will drive. The have been together eleven years. If it rains, he just calls her. She drives day and night. It rained last weekend, so they stayed home, went to the movies. He uses a computer. He watches music videos; his favorite is jazz. He watches Russian foreign ministry recordings to maintain his comprehension. He and his girlfriend recently flew to Vegas to see Diana Ross perform. [AR 19-20.]

Following these statements, the ALJ further found that:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to the cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and

other evidence in the record for the reasons explained in this decision. [AR 21.]

Although as seen above, the ALJ made several observations related to Plaintiff's daily activities, the ALJ merely notes certain statements Plaintiff made in his Function Report and Plaintiff's testimony at the February 7, 2018 administrative hearing. However, the daily activities noted by the ALJ are not analyzed—how or why these activities were considered relevant by the ALJ is not discussed. "Inconsistencies between a claimant's testimony and the claimant's reported activities provide a valid reason for an adverse credibility determination *Burrell v. Colvin*, 775 F.3d 1137 (9th Cir. 2014). (*citing Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.1997)). "But the ALJ did not elaborate on which daily activities conflicted with which part of Claimant's testimony." *Burrell*, 775 F.3d at 1138 (emphasis in original). The Ninth Circuit Court of Appeals has unequivocally stated that its "decisions make clear that we may not take a general finding—an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors—and comb the administrative record to find specific conflicts." *Id.*

Likewise, despite mentioning the phrases "over the counter medication" and "not a candidate for surgery" the ALJ never cited conservative treatment as a reason to discount Plaintiff's subjective complaints. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Based on the ALJ's general statements it is possible that, as the Commissioner argues, the ALJ made these factual findings because she reasonably found Plaintiff's lack of treatment and his ability to regularly drive and travel inconsistent with his allegations of near blindness; however, the ALJ does not say

1  this, nor does she offer any hint of how such observations might relate to Plaintiff's
2  credibility. Because the ALJ did not actually articulate a basis for discounting
3  Plaintiff's credibility in light of his course of treatment and daily activities, this
4  portion of the credibility determination cannot stand. The ALJ thus erred in
5  discrediting Plaintiff's testimony, to the extent she did so based on Plaintiff's daily
6  activities and conservative treatment.

7        **ii.    Inconsistency with the Objective Medical Evidence**

8        The only other reason provided by the ALJ to discount Plaintiff's credibility
9  was that the objective medical evidence was inconsistent with Plaintiff's testimony
10 regarding his limitations. [AR 21.] The Ninth Circuit has reiterated time and again
11 that while the lack of medical evidence to support a claimant's allegations of
12 disabling pain is a factor that the ALJ can consider in her credibility analysis, an
13 ALJ "may not discredit the claimant's subjective complaints solely because the
14 objective evidence fails to fully corroborate the degree of pain alleged." *Coleman v.*
15 *Saul*, No. 19-35700, 2020 WL 6388355, 2020 U.S. App. LEXIS 34475 (9th Cir.
16 Nov. 2, 2020) (*citing Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Indeed,
17 "it is the very nature of excess pain to be out of proportion to the medical evidence,"
18 and thus, a finding that a claimant is not credible because his pain testimony is out
19 of proportion to the medical evidence is an "inadequate reason." *Gonzalez v.*
20 *Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Instead, the ALJ must provide clear
21 and convincing reasons when finding a claimant's pain testimony not credible.
22 *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

23       Because the ALJ stated no other rationale for rejecting Plaintiff's testimony,
24 the Court concludes that the credibility finding is not supported by substantial
25 evidence. As there is no basis for finding this error to be harmless, reversal is
26 required.

27 **2.    Other Issues**

28       Finally, Plaintiff contends that the ALJ's decision is additionally erroneous

because the RFC did not adequately account for all of his visual limitations. [Pl.'s Br. at 18-20.] In light of the Court's conclusion that the case be remanded, it does not address the final issue raised by Plaintiff, except to note that this issue would not warrant a remand for benefits. However, given the errors in the ALJ's opinion, the ALJ should address Plaintiff's additional contention of error on remand.

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* A remand for an immediate award of benefits is appropriate "only in rare circumstances." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation omitted).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility – and in this case, may even be likely – that further administrative review could remedy the ALJ's errors. On remand, the Commissioner must re-evaluate Plaintiff's pain/subjective symptom assertions and testimony properly, which in turn may lead to the formulation of a new RFC and the need for additional vocational expert testimony. The Court therefore declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation,

"except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: November 5, 2020  _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE